March 8, 1909.

————o————

## No. 4640-4683 Consolidated.

### Court of Appeal, Parish of Orleans.

#### MRS. C. LAMBERT VS. GEORGE POWELL & H. S. WHITE.

1. In a petition for a writ of provisional seizure the averment "that the rent is due," is sufficient to justify the issuance of and to sustain the writ, and it will not be dissolved, when on the trial of the rule to dissolve, the further allegation, "that the lessee is about to dispose of and remove his property, etc., etc.," is disproved. The rent being due, the lessor had probable cause for resort to the writ.

2. An affidavit is a declaration on oath, reduced to writing and sworn to by affiant before some person who has authority to administer oaths. The affidavit includes the oath but is not complete when the person making it signs the affidavit outside the presence of the officer, and is not sworn.

3. The dissolution of the writ for want of proper affidavit will not carry the infliction of damages when it is shown that the averments are true, and another writ could immediately have been obtained.

Appeal from the Civil District Court, Division "D."

J. D. Nix and R. A. Tichenor, for Plaintiff and Appellant.

G. B. Smart, for Defendant and Appellee.

ESTOPINAL, J. This is a suit for rent in which a writ of provisional seizure was issued.

The defendants were lessees of certain premises on Magazine Street, near Marengo Stret, having entered into a written contract of lease with plaintiff for said premises for a period

—195—

of six months from April to September, 1908, inclusively, at a rental of twenty-five dollars ($25.00) per month, payable in advance. The contract contained a clause making the rental for the entire term due and exigible if the lessee defaulted in the payment of the rent for any month. The defendants having defaulted in the payment of the rent for the month of May, this suit followed.

The defendants moved to set aside the writ on the ground that it had been wrongfully issued and that the petition for said writ was not sworn to, and reconvene for damages.

The writ was dissolved by the lower Court and we think properly so.

There was no merit in one of the grounds urged against the writ, to-wit: "That there was an entire failure to prove that the defendants intended to remove their property from the leased premises."

It is settled jurisprudence in this State that the allegation "that the rent is due" is sufficient to justify the issuance of the writ of provisional seizure. The other ground of attack against the integrity of the writ herein "that the plaintiff did not swear to the affidavit" is serious.

The record shows that plaintiff signed the usual form of affidavit, to-wit: "Before me, the undersigned authority, personally came and appeared Mrs. Widow C. Lambert, who being by me first duly sworn, deposes and says, etc., etc.", but it is not disputed that Mrs. Lambert, plaintiff herein, not only did not swear to the affidavit, but that she signed the form as above, outside of the presence of the notary.

One of the counsel for plaintiff, who was the notary before whom the affidavit purports to have been made, urges that the failure of the plaintiff to appear before him and there to be formally sworn as to the truth of the allegations of the petition, should be considered as mere slight technical informalities, and not such as would justify the dissolution of the writ. For the Court to so hold would be to give tolerance to a practice, the danger of which might cause incalculable trouble.

The argument that the practice of having the affiant sign the affidavit outside of the presence of the notary is a common and every day occurrence, does not appeal to this Court. The

practice is a dangerous and intolerable one. It is too radical a departure from the formality of taking the oath as contemplated by the law.

Defendants claim that under the terms of the lease to the effect that "should the lessee be deprived of the use of said premises by some unforeseen event, not due to any fault or negligence on their part," that they were entitled to a credit on the rent. The event which they urge *deprived* them of the use of the premises is stated to be a homicide committed on the the 18th of May, 1908, on the upper floor of the premises occupied by defendants; that their business up to that time was quite profitable, but that from the date of the murder (May 18th) it fell off to such a nextent as to make it impossible for them to pay rent and expenses.

In the first place we do not think that there is sufficient proof that the premises were used for immoral purposes, nor do we think that a homicide, committed on the premises, is such an "event" for which the lessor should be made to suffer loss, indeed, is not such an event as is contemplated by the terms of the lease.

We find, however, that defendants had defaulted in the payment of the rent on the 1st of May, 1908, at a time when, according to their own testimony, their business was profitable. Nor was there any question raised then touching the character of the premises at that time, May 1st.

The defendants are not entitled to damages for the wrongful issuance of the writ of provisional seizure. The allegation contained in the petition for the writ "that the rent was due," was both true and sufficient. The dissolution of the writ under these circumstances because of the neglect of plaintiff to properly swear to the affidavit, will not carry with it the infliction of damages.

The record does not justify the award to defendants of the damages asked. They defaulted in the payment of the rental for the month of May, and were sued for the rent of the full term of the lease. Seizure issued June 2nd, and defendants abandoned the premises, and on June 12th the plaintiff leased the premises to other parties.

The lower Court gave judgment in favor of plaintiff for the

rental from the 1st of May to the 12th of June, and dismissed defendant's reconventional demand. We think this was not error.

Two separate appeals are brought up in this case, but by consent of counsel they have been consolidated. One is an appeal by plaintiff from the judgment dissolving the writ of provisional seizure, and the other, an appeal by defendants from a judgment on the merits for $37.50 against them and rejecting their reconventional demand.

For the reasons assigned it is now ordered, that the appeal numbered 4640 be, and the same is hereby affirmed, plaintiff and appellant to pay all costs, and it is further ordered that the appeal numbered 4683 be, and the same is hereby affirmed, defendant and appellant to pay costs of same, as well as the costs on the merits below.

Affirmed.

March 8th, 1909.

Rehearing refused April 7, 1909.